ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jan-10 15:50:15
60CV-20-312
C06D04 : 10 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY
CIVIL DIVISION

**STUART PINSON**                                                                              **PLAINTIFF**

vs.                        Case No. _____

**DIAMOND POOLS, LLC**                                              **DEFENDANT**

## COMPLAINT

COMES NOW, Plaintiff Stuart Pinson, by and through his attorneys, Cox, Sterling, McClure & Vandiver, PLLC, and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an individual action brought by Plaintiff.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week.

3. Plaintiff brings this action for breach of contract under Arkansas law.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA.

### II. JURISDICTION AND VENUE

5. The acts alleged in this Complaint had their principal effect within Pulaski County, Arkansas, and jurisdiction and venue are proper in this court.

## III. THE PARTIES

6. Plaintiff Stuart Pinson is a citizen of the United States, domiciled in Pulaski County, Arkansas.

7. Plaintiff was employed by Defendant between July of 2015 and July of 2019.

8. At all times relevant to this Complaint, Plaintiff was paid as an independent contractor even though he was an employee.

9. Plaintiff is an "employee" of Defendant as defined by 29 U.S.C. § 203(e) and Ark Code Ann. § 11-1-104.

10. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

11. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b).

12. At all relevant times, Defendant was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA.

13. Defendant is a business designing and installing pools for clients in and around central Arkansas.

14. Defendant is a domestic, for-profit limited liability company whose registered agent for service of process for the state of Arkansas is Loyd Matheny, 5501 Ranch Drive, Little Rock, AR 72223.

15. Defendant's annual gross volume of sales or business done is not less than $500,000.00.

16. Defendant has more than four employees.

17. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production

of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

18. Defendant hired and fired, or had the right to fire, Plaintiff, established and maintained the pay policies and work schedules for Plaintiff, supervised Plaintiff, and otherwise controlled the working conditions of Plaintiff.

### IV. FACTUAL ALLEGATIONS

19. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

20. Defendant's primary business purpose is to design and install pools in and around central Arkansas.

21. Within three years prior to the filing of this Complaint, Defendant hired Plaintiff to perform relevant duties, including designing pools for clients.

22. Plaintiff worked for Defendant from July of 2015 to July of 2019.

23. During the period relevant to this lawsuit, Defendant classified Plaintiff as an independent contractor.

24. Plaintiff was misclassified as an independent contractor. Defendant directed and controlled Plaintiff, Plaintiff used Defendant's equipment and tools, Defendant trained Plaintiff, and Plaintiff and Defendant had an ongoing relationship that was not on a project basis.

25. Plaintiff's hours varied from week to week, but Plaintiff worked more than 40 hours a week for Defendant on a regular basis.

26. Despite his overtime work, Plaintiff was not properly compensated for all hours or all overtime hours worked each week as a direct result of the policies and procedures implemented by Defendant.

27. As a result of Defendant's policy of paying Plaintiff as an independent contractor even though Plaintiff operated as an employee, Plaintiff was not paid overtime wages for all hours worked in excess of forty hours per week.

28. Defendant required Plaintiff to sign an employment agreement called a Designer Agreement on February 25, 2019. *See* Exhibit A.

29. The Designer Agreement states that Plaintiff is an employee.

30. The Designer Agreement required that Defendant pay Plaintiff commissions after applying chargebacks for inaccurate estimates.

31. Defendant applied chargebacks for work performed prior to the Designer Agreement and also applied chargebacks that had no basis in fact in order to refuse Plaintiff proper payments.

32. Plaintiff has been damaged by the improper use of chargebacks in order to deprive Plaintiff of his compensation guaranteed by his employment agreement.

## V. FIRST CAUSE OF ACTION
## CLAIM FOR VIOLATION OF THE FLSA

33. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

35. At all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA.

36. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees time and one half of the regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements and all accompanying Department of Labor regulations.

38. At all relevant times of this Complaint, Defendant classified Plaintiff as an independent contractor despite the fact Plaintiff was an employee.

39. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff for an overtime rate of one and a half times his regular rate of pay for all hours worked over forty (40) hours in each one-week period.

40. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

41. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

42. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CAUSE OF ACTION
## CLAIM FOR VIOLATION OF THE AMWA

43. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201 *et seq*.

45. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

46. Sections 210 and 211 require employers to pay all employees one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets certain exemption requirements and all accompanying Department of Labor regulations.

47. At all relevant times of this Complaint, Defendant classified Plaintiff as an independent contractor despite the fact Plaintiff was an employee.

48. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-18.

50. Alternatively, should the Court find that Defendant acted in good faith in failing to Pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. THIRD CAUSE OF ACTION
### CLAIM FOR BREACH OF CONTRACT

51. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

52. Plaintiff and Defendant entered into an employment agreement.

53. The employment agreement required Defendant to pay plaintiff after applying chargebacks for any of Plaintiff's inaccurate estimates.

54. The Defendant breached the contract by applying chargebacks for work performed prior to the Designer Agreement in violation of the employment agreement and by fabricating reasons for chargeback in order to refuse Plaintiff proper payments.

55. Plaintiff properly performed under the employment contract at all times.

56. Plaintiff has been damaged by Defendant's breach of the employment agreement.

WHEREFORE, premises considered, Plaintiff prays that Defendant be summoned to appear and answer herein and for judgment against Defendant as follows:

a. That Defendant be summoned to appear and answer herein;

b. An award of unpaid overtime wages for all hours worked in excess of forty in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA;

c. Equitable tolling of the FLSA statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e. An award of liquidated damages as a result of Defendant's willful failure to pay overtime wages for all hours worked in excess of forty hours in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

f. An Order pursuant to the AMWA awarding Plaintiff's unpaid overtime and any other damages or injunctive relief allowed by law;

g. An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h. An Order compelling the accounting of the books and records of Defendant, at Defendant's own expense;

i. An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiff; and

j. Such other and further relief as this Court deems just and proper.


Respectfully Submitted,

*/s/ Melanie J. McClure*
Melanie J. McClure (ABN 97230)
Dylan Botteicher (ABN 2017170)
COX, STERLING, MCCLURE &
VANDIVER, PLLC
8712 Counts Massie Rd.
North Little Rock, AR 72113
T: (501) 954-8073
F: (501) 954-7856
E: mjmcclure@csmfirm.com
E: djbotteicher@csmfirm.com
ATTORNEYS FOR THE PLAINTIFF



# Designer Agreement

This is an Agreement between Stuart Pinson (owner of Pinson Pool Designs LLC) and Diamond Pools LLC (owned by Alan and Shelly Matheny). Designer Shall be paid at Gunite Draw **6%** of the total for

each qualifying Contract/Agreement signed.

Supplied by Diamond Pools LLC will be a Subscription to Structure Studio, a Laptop Serial

# F6N0WU065939243, and office space/Design Center to work from, and Advertising to obtain new

leads.

## Responsibilities of Designer

- New Clients will be emailed and or written up on a lead sheet and Designer is to make contact/Appointment within 24 business hours.
- Items not priced correctly in Contract/Agreement and or price out sheet will have a chargeback of ½ the value from price sheet and will be deducted from future Commission Checks.
- Once Contract/Agreement is signed the following items need to be turned in with Contract/Agreement before Job can be set for Construction; Pool Studio File to Alan and/or Shelly, Price out sheet completed and correctly corresponds to Contract/Agreement, detailed Blue Print on 11" x 17" laminated, selection sheet filled out with Customer initials verifying approval.
- Commission Checks will be paid after Gunite Check is collected and the Design and Price Sheet have been turned in and Approved by Alan or Shelly.
- Commission Request are Due by Wednesday 3 P.M. to be Paid the following Friday.
- Designers shall NOT use the Provided Computer/Laptop for personal use such as moonlighting, Designing for hire, selling Designs or any other use that Diamond Pools LLC provides services for.
- Designers shall be responsible for his/her own Vehicle, Cell Phone, fuel, maintenance and insurance for their vehicle unless Authorized by Alan or Shelly and noted in this Agreement.
- Designer shall be Responsible for Communicating with Clients during Design, Selections and Construction till job is completed. This is to include visiting Construction site during all phases of Construction, Communicating to Client PRIOR to day Draw is due for Excavation, Gunite, Plaster and any other Addendums or Draw changes to Contract/Agreement.

EXHIBIT A

- Designer shall be Responsible for Proper Designs to scale of Pool/Spa placement, and Permit Applications are drawn to scale correctly, sign off and initialed by Client for the location of the Pool, Spa placement in yard, Equipment location and Access Area or any other items designed and stated in Contract/Agreement.
- Designer shall be Responsible for filling out order form for Approval for Equipment, Tile, Coping and any special order items listed in Contract/Agreement.
- Designer shall be responsible for Researching Information for any Water Features, Fire Features, Retaining walls and any items in the Design, Priced out correctly and added to the Client Agreement/Contract and price out sheet.
- Designer shall be Responsible for any Change Orders/Addendums and collecting at time Addendum is written and signed by Client. Any Addendums sold by the Construction Manager, Service Manager or any employee of Diamond Pools LLC. shall be eligible for a Commission and paid to those individuals.
- Any Information, Photos, Documents, emails, downloads of any manner added to the Memory or Hard drive of any Computer/Laptop/Ipad/Phone owned by Diamond Pools LLC included the one assigned to Designer shall become the Property of Diamond Pools LLC.
- The Laptop Computer provided is not for Personal use. DO NOT add Personal content on any Computer owned by Diamond Pools LLC.
- Excel Price sheet is confidential information owned by Diamond Pools LLC and shall not be shared with anyone not approved by Alan and/or Shelly Matheny.
- The Price out sheet shall reflect any and all pricing in the Client Agreement/Contract.
- Termination for Theft of Property or Monies, Damage to any Property of Diamond Pools LLC. (with the exception of normal wear and tear), Sharing Client information with Competitors will result in those being deducted from any commissions owed from Diamond Pools LLC.
- If Designers employment has been Terminated, Designs created by said Designer will be paid a Design Fee of $750.00 if the Client did not build but was given a Design during there Employment. This will be paid after an Agreement/Contract has been signed by the Client. This agreement expires after three (3) years of Designers Termination date. If Designer is contacted after that date by Client and wishes to proceed with build, Designer is to Contact Diamond Pools and submit the information to obtain the Designer fee thereafter.
- If Designer/ Sub Contractor has been terminated but no offenses have been committed as stated above, Designer will be paid when Gunite Check is turned in as per normal Diamond Pool Commission request Procedures for each Job Designer has a signed Agreement/Contract with the exception of back charges as stated above.

**I UNDERSTAND AND ACKNOWLEDGE THIS AGREEMENT.**

_____   2/25/2019
(Signature)                          (Date)

_____   2/25/2019
(Diamond Pool Representative)        (Date)

Rec'd New Laptop 4/24/19  (AM)
SERIAL # BO74JH4PTG  ASUS 17.3" LT-AS-0215-CUK-004

EXHIBIT A

FBA